JOHN H. ELLIGOOD, defendant below *vs.* WILLIAM CANNON,
plaintiff below.

To sustain a judgment *by default,* the justice's record must show that he heard the
*proofs* of plaintiffs claim.
It is not sufficient that he "investigates the plaintiff's demand;" he must require such
proof as the nature of the case admits of.
If the suit be commenced by *summons,* the justice should allow the freeholder's stay
of execution, unless oath be made, &c.

CERTIORARI to Justice Wilson.

The exceptions to the judgment in this case were:—

1. That the place of appearance was uncertain. The summons
commanded the constable to " summon John H. Elligood to appear
on Monday, the 29th of January inst., *at his office* at Bridgeville, be-
fore Wm. B. Wilson, one of our justices, &c. &c." 2. That judg-
ment was rendered by the justice, by default, against the said John
H. Elligood, without first having heard the allegations and *proofs* of
the plaintiff. The record stated that " the defendant not appearing,
the constable is sworn to the service of the aforesaid summons; and
after investigating the plaintiff's demand, judgment is rendered for
plaintiff for $18 32 debt, and sixty-nine cents cost, by default, Janu-
ary 29, 1844." 3. That John H. Elligood was at the rendition of
judgment, a *freeholder* of the county, and was treated as such by
the plaintiff below, by suing out the writ of summons; and that ex-
ecution was therefore irregularly issued without a stay.

*By the Court.*

The first exception is insufficient. The grammatical construction
of the sentence would produce the uncertainty of place contended
for; but the real and apparent meaning of the summons, is to appear
at the office of the justice named.

The second exception is fatal.   The act of assembly requires the justice, before giving judgment by default, to hear the allegations *and proofs* of the plaintiff; and to sustain such a judgment, this must appear either by express entry of the justice, or by other matters in the record.   And this is an important matter.   The justice ought to require all the proof which the nature of the case demands, whether the defendant appears or not.   The default of the defendant cannot dispense with any such proof.   In an action on a book account, as this is, the plaintiff's book of original entries ought to be produced *and sworn to.*   Nothing of this kind appears by the present record. The entry is that the justice *investigated the plaintiff's demand;* it ought to be that he heard *the allegations and proofs of the plaintiff.*

The third exception also would be sufficient to set aside the execution.   The plaintiff treated the defendant as a · freeholder by making his first process a summons; and he was bound to give the legal stay of execution, or make oath against the defendant's freehold.

*Cullen,* for plaintiff.
*McFee,* for defendant.

Judgment reversed.